IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRELL RICO WILLIAMS,
     Plaintiff,

vs.                              Case No.: 3:17cv184/LAC/EMT

SHERIFF MICHAEL ADKINSON
and DR. JAMES SHEPPARD,
     Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, who proceeds pro se and in forma pauperis ("IFP"), commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). By order entered August 16, 2019, the court directed the United States Marshals Service ("USMS") to serve process upon the Defendants by mailing to each Defendant, at the address provided by Plaintiff, the requisite service documents (ECF No. 29). On September 23, 2019, the USMS notified the court that it mailed the documents to the Defendants but had received no response from Defendant Sheppard (ECF No. 34). The court thus entered an order directing the USMS to attempt personal service on Sheppard at the address Plaintiff provided—the Walton County Jail, 796 Triple G. Road, Defuniak Springs, Florida 32433 (ECF No. 35).

On October 30, 2019, the USMS filed a return of service indicating "contacted Walton Co. Jail, spoke with Jennifer Churchwell (Jail Division) advised that Dr.

Sheppard has retired, does not have a local practice and does not have any forwarding address" (ECF No. 39).   The court entered an order advising Plaintiff that Sheppard could not be located and that if Sheppard cannot be served, Plaintiff cannot proceed with his claims against Sheppard (ECF No. 43).   The court directed Plaintiff to show cause within thirty days why his claims against Sheppard should not be dismissed based on the inability to effect service of process and advising that Plaintiff could comply with the show cause order by providing an address at which Sheppard can be served.   The court further advised that failure to comply with the order would result in a recommendation of dismissal of Plaintiff's claims against Sheppard.

Plaintiff responded to the show cause order, arguing his claims against Sheppard should not be dismissed merely because Sheppard cannot be served. Considering the court has made every reasonable effort to serve Sheppard and Plaintiff has not provided an address at which Sheppard can be served, Plaintiff's claims against Sheppard must be dismissed.   *See Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (unpublished) (affirming district court's dismissal of IFP plaintiff's claim against defendant for lack of service of process under Fed. R. Civ. P. 4(m)) (*citing Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008) ("The IFP plaintiff is, however, required to cooperate with the court and the United States Marshal in

effectuating service, including providing the addresses of the named defendants . . .

.")).

Accordingly, it is respectfully **RECOMMENDED**:

1.  That Plaintiff's claims against Defendant Dr. James Sheppard be

    **DISMISSED without prejudice** based on the inability to effect service of

    process on Defendant Sheppard.

2.   That the clerk be directed to edit the docket to reflect Sheriff Adkinson

    as the only remaining Defendant.

At Pensacola, Florida, this 8th day of January 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.