IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRELL RICO WILLIAMS,
Inmate No. 0102737037,
    Plaintiff,

vs.                                                  Case No.:  3:17cv184/LAC/EMT

MICHAEL ADKINSON, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the court on Defendant Michael Adkinson's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 31). Plaintiff responded in opposition to the motion (ECF No. 37). Having reviewed the complaint (ECF No. 28), motion, and response, the undersigned finds Plaintiff has failed to state a claim against Defendant Adkinson upon which relief can be granted and that Defendant Adkinson's motion, therefore, should be granted.

    I.    BACKGROUND

Plaintiff was an inmate of the Walton County Jail at the time of the events giving rise to his complaint. Defendant Adkinson was the Sheriff of Walton County. Plaintiff is now in custody of the Florida Department of Corrections, currently confined at Gadsden Re-entry Center. Plaintiff's complaint stems from an alleged

lack of adequate medical/dental treatment at the Walton County Jail. Specifically, Plaintiff claims that in February 2017, his "upper left molar cracked down into [his] gumline, exposing nerves and roots of said tooth, causing severe pain and discomfort, abcessing [*sic*] several times, and bleeding, affecting [his] ability to eat and sleep" (ECF No. 28 at 4). He says he sought treatment but "was constantly denied dental care simply because [his] family couldn't afford to pay an outside dentist" (*id.*).

Plaintiff alleges he submitted a sick call request on February 14, "complaining of [a] toothache, constant pain, [and] needing [a] dental exam and tooth extracted" (*id.*). He visited the medical department the next day, and medical staff prescribed ibuprofen and advised Plaintiff that he would be referred to the jail doctor (*id.*). Having not yet seen the jail doctor, Plaintiff submitted a medical request the following day, on February 16, advising that his tooth was cracked, extremely painful, and needed to be removed, and requesting to see a dentist (*id.*). Plaintiff had a medical appointment on February 17 but slept through it (*id.* at 4–5). Plaintiff thus submitted another medical request, again complaining about his tooth and asking that it be extracted (*id.* at 5). Plaintiff saw medical on February 18 and was advised his "dental issue had already been addressed" but his family could pay for him to

see a private dentist and the jail would provide transportation to the appointment (*id.*).

Due to what he considered to be inadequate medical/dental treatment, Plaintiff filed a grievance with the jail physician, Dr. James Sheppard, on February 18, "seeking 'necessary dental care'" and extraction of his tooth (*id.*). Plaintiff received Dr. Sheppard's response on February 23; Dr. Sheppard advised Plaintiff that "'emergency dental care is provided at the discretion of the jail physician'" and suggested Plaintiff sign up for sick call so he could be assessed by a nurse and referred to the jail physician if necessary (*id.*). Dissatisfied with Dr. Sheppard's response, Plaintiff appealed to Defendant Adkinson, advising Adkinson he had signed up for sick call three times and had not yet had a visit (*id.*). Plaintiff also informed Defendant Adkinson that a nurse told him his family could pay for a dental visit and the jail would provide transportation (*id.*). Plaintiff advised Adkinson he did not "have the means" to consult an outside dentist and suggested he was being discriminated against because of his indigent status (*id.*). Plaintiff again requested extraction of the tooth and informed Defendant Adkinson that he was in constant pain and the tooth would not heal (*id.*). According to Plaintiff, Adkinson responded by indicating Plaintiff had been seen by a physician and denying his appeal (*id.*).

Case No.:  3:17cv184/LAC/EMT

Plaintiff says that on February 23, he "consistently filed for sick call to the Medical Dept. of the Walton County Jail, again complaining of 'bad tooth . . . won't stop hurting constantly . . . Please extract. Could I please see jail physician" (*id.*). "On February 24, 2017 Medical Dept. addressed the issue by prescribing more ibuprophen [*sic*] and orajel upon assessment" (*id.* at 6). On March 1, Plaintiff submitted another sick call, requesting to extend the ibuprofen prescription and more Orajel, advising his tooth had not improved (*id.*). Plaintiff received the medication the following day (*id.*). On March 3, Plaintiff inquired as to the "protocol for a dental visit" and whether or not he could have one (*id.*). The next day, Dr. Sheppard responded by advising Plaintiff that his family would need to make payment arrangements with a certain dentist's office prior to any appointment being scheduled (*id.*). Dr. Sheppard also again advised Plaintiff that "dental emergencies are sent out at the discretion of the jail doctor" (*id.*). Plaintiff claims he then was transferred to state custody and immediately assessed by medical staff, who extracted his tooth (*id.* at 7).

Plaintiff alleges that "[m]edical staff of the Walton Co. Jail consistently deprived [him] of the appropriate medical care regarding [his] severely cracked (left) molar, with exposed nerves and roots, which unnecessarily caused . . . severe pain,

discomfort and bleeding affecting [his] ability to eat and sleep sufficiently" (*id.*). Plaintiff seeks to hold Defendant Adkinson, as the individual "responsible for all jail staff as Sheriff of Walton Co., Florida," liable for deliberate indifference to a serious medical need by "continu[ing] the deprival of appropriate medical care by denying [his] grievance appeal based on an alleged assessment by the jail physician" (*id.*). As recompense, Plaintiff seeks "[a]ppropriate dental treatment" and $75,000 in compensatory damages for pain, suffering, and mental anguish (*id.* at 8).

## II.   DISCUSSION

### A. Standard of Review

Dismissals for failure to state a claim upon which relief can be granted are governed by Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe Cty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal marks and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal marks and citation omitted). Stated succinctly,

> . . . a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a

> court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Generally, the court should construe a pro se pleading more liberally than it would a formal pleading drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (internal marks and citation omitted); *see also Bishop v. Romer*, Nos. 98–1294, 98–1296, 1999 WL 46688, at *3 (10th Cir. Feb. 3, 1999) (unpublished) (holding that this less stringent standard should not allow a court to ignore inadequacies in the complaint where a pro se plaintiff fails to allege facts necessary to establish the claim or to "conjure up questions never squarely presented").

    B. Plaintiff's Claims

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "some person, acting under color of state law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985) (internal

marks omitted); 42 U.S.C. § 1983.  Here, Plaintiff asserts claims under the Eighth and Fourteenth Amendments.[1]

    To prevail on an Eighth Amendment deprivation of medical care claim, a prisoner must prove three elements.  First, he must demonstrate "an objectively serious medical need" so grave that, "if left unattended, [it] poses a substantial risk of serious harm."  *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal marks, alterations, and citations omitted).  "[A] serious medical need is . . . one . . . diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal marks omitted).  The second element requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish."  *Taylor*, 221 F.3d at 1258.  In order to satisfy the final element of an Eighth Amendment claim, a plaintiff must

---

[1] It is not clear whether Plaintiff was a pretrial detainee or convicted prisoner at the time of the events of which he complains.  If he was a pretrial detainee, his claim would be governed by the Fourteenth Amendment, not the Eighth Amendment.  The distinction has little practical difference, however, because the same legal standards govern both claims.  *See, e.g., Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. . . .  However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees." (internal citations omitted)).

Case No.:  3:17cv184/LAC/EMT

show that the official's deliberate indifference caused his injury. *Id.*; *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (reiterating the elements of an Eighth Amendment claim).

"To show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of 'deliberate indifference.'" *Taylor*, 221 F.3d at 1258 (*quoting Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). "To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga.*, 400 F.3d 1313, 1319-20 (11th Cir. 2005) (internal marks omitted); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (noting a defendant "must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference"). The official's response must have been so inadequate as to "constitute an unnecessary and wanton infliction of pain" and not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor*, 221 F.3d at 1258. Indeed, simple negligence is not actionable under § 1983,

and a plaintiff must allege "a conscious or callous indifference to a prisoner's rights." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Plaintiff has wholly failed to plead facts demonstrating deliberate indifference to a serious medical need by Defendant Adkinson. Even assuming Plaintiff has adequately alleged a serious medical need, which is questionable, he has not alleged facts from which one could conclude Defendant Adkinson was aware of and acted with deliberate indifference toward that need. Indeed, Plaintiff does not allege that Defendant Adkinson personally participated in any decision regarding his medical treatment and, in fact, acknowledges Defendant Adkinson deferred to the medical assessment by the jail physician, which Defendant Adkinson was entitled to do. *See Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1050 (11th Cir. 2014) (holding that the law does not require a sheriff to "ignore the [medical] determination and recommendation" of his staff, and a sheriff cannot be held liable for failing to act contrary to the opinions of medical personnel); *see also Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (a claim of medical indifference generally cannot be made against non-medical personnel unless the defendant was personally involved in the

alleged denial of treatment or deliberately interfered with medical treatment). At most, Plaintiff has alleged negligence by Defendant Adkinson, but negligence is insufficient to sustain and Eighth Amendment claim. *See Bennett*, 689 F.2d at 1380; *see also Estelle*, 429 U.S. at 105–06. Plaintiff's claim against Defendant Adkinson for deliberate indifference to a serious medical need thus fails as a matter of law.

To the extent Plaintiff seeks to hold Defendant Adkinson liable for Dr. Sheppard's alleged failure to provide adequate medical treatment, which appears to be the case, such claim likewise fails. Indeed, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal marks and citation omitted); *see also Polk Cty. v. Dodson*, 454 U.S. 312 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n.58 (1979). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged

constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).

In *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008), the Eleventh Circuit specified the circumstances in which a causal connection can be shown sufficient to render a supervisor liable on a § 1983 claim, as follows:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1322 (*citing West v. Tillman*, 496 F.3d 1321, 1328–29 (11th Cir. 2007)). Plaintiff makes no such allegations. He thus has failed to state a viable Eighth Amendment claim against Defendant Adkinson based on supervisory liability.

Plaintiff's claim against Defendant Adkinson based on the denial of his grievance meets a similar fate. Indeed, merely denying a grievance, without personally participating in the unconstitutional conduct brought to light by the grievance, is insufficient to establish § 1983 liability. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not

establish personal participation under § 1983."); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory official who denied administrative grievance and otherwise failed to act based on information contained in the grievance); *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989) (holding that prisoner failed to state § 1983 claim against supervisory officials, where prisoner merely alleged the officials denied his grievance and did not allege they were personally involved in the alleged misconduct), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("At a minimum, a 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct."). Because Plaintiff has not alleged Defendant Adkinson participated in the denial of medical care, his claim against Defendant Adkinson based on the denial of his grievance fails as a matter of law.

Finally, Plaintiff is not entitled to the injunctive relief he seeks, as such request was rendered moot by Plaintiff's release from the Walton County Jail. *See, e,g., Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) ("In view of [plaintiff's] subsequent release, we find

that his claims for declaratory and injunctive relief are now moot."); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."); *see also Kellerman v. Askew*, 541 F.2d 1089, 1090 n.1 (5th Cir. 1976)[2] (per curium) (finding former prisoner's motion for equitable relief due to alleged inadequate medical treatment moot due to prisoner's release on parole).

### III. CONCLUSION

Accepting the allegations of Plaintiff's Second Amended Complaint as true, and liberally construing them in the light most favorable to Plaintiff, the undersigned concludes Plaintiff's allegations do not state a plausible Eighth or Fourteenth Amendment claim against Defendant Adkinson. Defendant Adkinson's motion to dismiss should thus be granted, and Plaintiff's claims against Defendant Adkinson should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Case No.: 3:17cv184/LAC/EMT

1. That Defendant Adkinson's Motion to Dismiss (ECF No. 31) be **GRANTED** and Plaintiff's claims against Defendant Adkinson be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

2. That the clerk be directed to enter judgment accordingly.

At Pensacola, Florida this 7th day of February 2020.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections must be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**